Samuel H. Hofstadter, J.
Plaintiff moves for summary judgment and defendant moves to dismiss the complaint. The complaint seeks judgment directing his wife, from whom he is legally separated, to remove the body of her father from a cemetery plot he alleges is owned only by him and for damages for the alleged illegal interment.
The roots of equity lie deeply imbedded in the law’s intention to personify the conscience of the sovereign power. This concept remains the hallmark of equity jurisdiction; it governs the invocation and exercise of its power. In weighing the equities of the opposing positions here, the court concludes that the disinterment urged by plaintiff would shock the conscience.
The words of Fuld, J., writing for the majority of the Court of Appeals in Matter of Currier (Woodlawn Cemetery) (300 N. Y. 162,164 [1949]), bear repetition: The quiet of the grave, *919 the repose of the dead, are not lightly to be disturbed. G-ood and substantial reasons must be shown before disinterment is to be sanctioned. * * * The courts, exercising a ‘ benevolent discretion ’, will be sensitive ‘ to all those promptings and emotions that men and women hold for sacred in the disposition of their dead ’.”
Plaintiff’s motion for summary judgment is denied. Defendant’s cross motion is granted only to the extent that the court declines to exercise its equity jurisdiction to order the disinterment sought by plaintiff. Leave is granted plaintiff, should he be so advised, to serve an amended complaint at law, within 15 days after service of a copy of this order with notice of entry (see Lane v. Mercury Record Corp., 21 A D 2d 602).